# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

EDWARDS MOVING & RIGGING, INC.,

    Plaintiff,

v.

Case No: 8:19–cv–1004–T–36SPF

CASEY JENKINS, SIMS CRANE & EQUIPMENT CO., and SIMS HD, LLC,

    Defendants.

_____/

## **O R D E R**

This cause becomes before the Court upon the Report & Recommendation filed by Magistrate Judge Sean P. Flynn on June 5, 2019 (the "R&R"). (Doc. 29). In the R&R, Magistrate Judge Flynn recommends that Plaintiff Edwards Moving & Rigging, Inc's ("Plaintiff") Motion for Preliminary Injunction be granted-in-part and a bond hearing be held as necessary. *Id.* at 11.

All parties were furnished copies of the R&R and were afforded the opportunity to file objections pursuant to 28 U.S.C. § 636(b)(1). Plaintiff timely objected to the R&R (the "Objection"), (Doc. 30), to which Defendants Casey Jenkins, Sims Crane & Equipment Co., and Sims HD, LLC (collectively, "Defendants") responded, (Doc. 34). Upon consideration of the R&R, the Objection, and upon this Court's independent examination of the file, it is determined that the R&R should be adopted and Plaintiff's Objection should be overruled.

### I.     Background

This case is a breach of contract and tortious interference action. (Doc. 1 ¶¶19–28). Plaintiff is in the business of transporting, moving, and lifting over-sized components and equipment. *Id.* at ¶10. Plaintiff performs heavy haul and rigging jobs across several industries, such as the power

plant, construction, rail, and automotive industries. *Id.* In August of 2016, Plaintiff hired Defendant Casey Jenkins ("Jenkins") as Regional Sales Manager. *Id.* at ¶12. Jenkins did not have experience in the heavy moving and rigging business prior to his hiring. *Id.* at ¶12. The position involved managing projects for existing customers, and Jenkins "participated in the pricing and bidding process for moving and rigging projects." (Doc. 22–1 ¶¶7, 12). Jenkins had access to Plaintiff's customer contracts, equipment book, customer revenue information, and other confidential business information as part of his employment with Plaintiff. (Doc. 1 ¶12).

Plaintiff and Jenkins entered into a Non-Competition, Non-Solicitation, and Non-Disclosure Agreement (the "Agreement") on August 29, 2016. (Doc. 1–1 at 4). Significantly, the non-competition covenant in the Agreement provides:

> **A. Non-Competition.** Employee agrees that while Employee is employed by Employer and during a period of two (2) years immediately following the termination of his employment with the Employer for any reason whatsoever, (the Term), he shall not, within Employer's market area, (the "Territory"), engage in any of the following activities:
>
> (1) Directly or indirectly enter into the employ or render any service to or act in concert with any person, partnership, corporation or other entity engaged in rendering any service being conducted or rendered by Employer at the time of the termination; or
>
> (2) Directly or indirectly engage in any such competitive business or render any such service on his own account; or
>
> (3) Become interested in any such competitive business or service directly or indirectly as an individual, partner, member, director, officer, principal, agent, employee, or creditor.

*Id.* at 1.

In April of 2019, Jenkins resigned from his position with Plaintiff and accepted a job with Defendant Sims Crane & Equipment Co. ("Sims Crane"). (Docs. 1 ¶15; 22–2 ¶¶7, 12). Sims Crane, apparently the largest Florida-based crane rental company in Florida, rents cranes and heavy

equipment. *Id.* at ¶¶3–4; (Doc. 1 ¶16). Jenkins' position with Sims Crane involves "pricing and bidding crane rental services." (Doc. 22–2 ¶7). Jenkins thus claims his knowledge of Plaintiff's pricing and bidding procedures is irrelevant to his new position. (Doc. 22–1 ¶7). Defendant Sims HD, LLC ("Sims HD") and Sims Crane are affiliated, but separate, companies. (Doc. 22–2 ¶2). Sims HD and Sims Crane have "some, but not all, overlapping ownership." *Id.* Like Plaintiff, Sims HD allegedly provides specialized rigging and machinery moving, such as installation, removal, and transportation of industrial machinery. *Id.* at ¶4. Sims HD is a competitor of Plaintiff. *See* (Docs. 1 ¶16; 22–2 ¶4).

Plaintiff initiated this action on April 25, 2019, (Doc. 1), and filed its Motion for Preliminary Injunction (the "Motion") shortly thereafter, through which Plaintiff seeks to enforce the Agreement's non-competition covenant, (Doc. 7 at 11). Specifically, Plaintiff moves for a preliminary injunction (1) enjoining Jenkins from working for any entity, including Sims Crane and Sims HD, that "renders services that [Plaintiff] renders in any market in which [Plaintiff] renders them"; and (2) enjoining Sims Crane and Sims HD from employing Jenkins during such two-year period. *Id.*

Upon consideration of the Motion, the response in opposition, and the parties' oral arguments at the hearing on the Motion, Magistrate Judge Flynn issued the R&R. (Doc. 29). Magistrate Judge Flynn recommends that the Court: (1) enjoin Jenkins from working for Sims HD through and including April 17, 2021; (2) enjoin Sims HD from employing Jenkins through and including April 17, 2021; and (3) enjoin Jenkins from assisting Sims HD in the business of transporting, moving, and lifting oversized equipment and components, inclusive of the bidding or quoting process or providing logistical support, through and including April 17, 2021; provided, however, such enjoinment does not prohibit Jenkins from quoting or bidding Sims Crane's rental

3

equipment to Sims HD or its customers or providing logistical support for hauling Sims Crane's rental cranes or equipment. *Id.* at 11. Magistrate Judge Flynn also recommends that the Court direct him to hold a bond hearing as necessary. *Id.*

**II.  Legal Standard**

When a party makes a timely and specific objection to a magistrate judge's report and recommendation, the district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). With regard to those portions of the report and recommendation not objected to, the district judge applies a clearly erroneous standard of review. *See Gropp v. United Airlines, Inc.*, 817 F. Supp. 1558, 1562 (M.D. Fla. 1993). The district judge may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C). The district just may also receive additional evidence or recommit the matter to the magistrate judge with instructions. *Id*; Local R. M.D. Fla. 6.02(a). "The district court retains the discretion to consider new evidence and argument raised for the first time in an objection to a report and recommendation." *Cooper v. Dolgencorp, LLC*, No. 5:11–cv–158–Oc–10GJK, 2011 WL 13323145, at *1 n.2 (M.D. Fla. June 24, 2011) (citing *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009)).

**III.  Analysis**

Plaintiff raises two objections to the R&R. (Doc. 30). The Court will address each objection.

**A. Sims Crane Does Not Compete with Plaintiff**

First, Plaintiff argues that Magistrate Judge Flynn erroneously concluded that Sims Crane does not compete with Plaintiff and, therefore, the Court should preliminarily enjoin Jenkins from

working for Sims Crane. *Id.* at 3–6. The distinctions between Sims Crane and Sims HD highlight that Sims Crane does not compete with Plaintiff, however.

Sims HD is a competitor of Plaintiff, *see* Docs. 1 ¶16; 22–2 ¶4, but Plaintiff asserts that Sims Crane also competes with Plaintiff, (Doc. 30 at 3). The parties addressed the alleged competition between Sims Crane and Plaintiff in their briefing before Magistrate Judge Flynn and at the preliminary injunction hearing. For example, at the hearing, Plaintiff's counsel argued how "Sims"—referring to both Sims Crane and Sims HD—and Plaintiff allegedly operate on the same projects involving the lifting and moving of heavy equipment. Defendants' counsel countered that Plaintiff was using a "broad brush" by referring to both entities as "Sims."

In the Objection, Plaintiff first reiterates collective references to Sims Crane and Sims HD as "Sims" in its verified complaint (the "Verified Complaint") to demonstrate the alleged competition between Plaintiff and Sims Crane.[1] *Id.* The Verified Complaint describes "Sims" as "a direct competitor of [Plaintiff] in Florida," alleges that "Sims renders services in Florida that [Plaintiff] also renders in Florida," and states that Plaintiff and "Sims have directly competed for projects in Florida during the past year." (Doc. 1 ¶¶ 2, 15, 17). Of course, referring to the companies collectively obfuscates any significant distinctions between the companies, such as a difference in each company's provided services.

Indeed, Magistrate Judge Flynn recognized that Sims Crane and Sims HD provide different services: Sims Crane provides crane and heavy equipment rental services, whereas Sims HD provides heavy duty rigging and machinery moving services. (Doc. 29 at 2). Notwithstanding its collective references to Sims Crane and Sims HD as "Sims," even the Verified Complaint

---

[1] Plaintiff refers to the entities collectively because "that is how Sims Crane and Sims HD treat and portray themselves in this industry." (Doc. 30 at 6).

distinguishes between the businesses of Sims Crane and Sims HD, explaining that Sims Crane "rents cranes and heavy equipment rentals," whereas Sims HD is a "heavy duty rigging and machinery moving company . . . ." (Doc. 1 ¶16). Alan Fisk's declaration, which Magistrate Judge Flynn relied on in distinguishing Sims Crane and Sims HD, also highlights the distinctions between the two companies. (Doc. 29 at 2) (citing Doc. 22–2 ¶¶3–4). Mr. Fisk, the chief executive officer of both Sims Crane and Sims HD, emphasizes that Sims Crane, as the largest Florida-based crane rental company in Florida, supplies cranes and heavy equipment throughout Florida. (Doc. 22–2 ¶¶2–3). On the other hand, Sims HD is in the specialized rigging and industrial machinery moving business, which includes removal, installation, and transportation of industrial machinery. *Id.* at ¶4. Sims HD, which provides ancillary services to Sims Crane, was formed to provide these hauling services to customers to whom Sims Crane provided crane rental services. *Id.* According to Mr. Fisk, Sims Crane hired Jenkins to (1) quote crane rental services to existing Sims Crane customers who utilize Sims HD's hauling services; and (2) "provide logistical support for the crane rental and hauling services, such as local permitting, routing determinations, and transportation support where necessary."[2] *Id.* at ¶8. As Sims HD is involved in specialized rigging and industrial machinery moving, this job description further highlights the differences between Sims Crane and Sims HD.

Based on his analysis that Sims Crane provides different services than Sims HD, Magistrate Judge Flynn recognized only Sims HD as a competitor of Plaintiff and declined to recognize Sims Crane as a competitor. (Doc. 29 at 5–6). Magistrate Judge Flynn found that the Agreement's non-

---

[2] Magistrate Judge Flynn explained that Sims Crane's rental quotes and logical support for hauling rented cranes does not compete with Plaintiff's offered products or services. (Doc. 29 at 7). To the extent Jenkins provides logical support to Sims HD, Magistrate Judge Flynn found that Jenkins should be limited to providing logistical support directly related to Sims Crane rentals. *Id.* at 7 n.4.

competition covenant is reasonable under Kentucky law to the extent that it prohibits Jenkins from being employed by Sims HD, but not as to Sims Crane, as a non-competitor of Plaintiff. *Id.* at 5. Magistrate Judge Flynn subsequently concluded that Plaintiff failed to establish a likelihood of success on the merits regarding the enforceability of the Agreement's non-competition covenant relating to Jenkins' employment with Sims Crane because the restraint is greater than reasonably necessary to prevent any unfair competition by Jenkins. *Id.* at 8.

Plaintiff next relies on newly submitted evidence to demonstrate the alleged competition between Sims Crane and Plaintiff. In an effort to undermine the sworn testimony of Jenkins and Alan Fisk through their declarations, which demonstrates the distinctions between Sims Crane and Sims HD and thus the resulting lack of competition between Plaintiff and Sims Crane, Plaintiff relies on postings on Sims Crane's website, records from the Florida Secretary of State's website, a LinkedIn profile, and several LinkedIn updates. (Doc. 30 at 4–6). The Court questions Plaintiff's efforts to properly authenticate this new evidence.[3] *See* Fed. R. Evid. 901–902. Nonetheless, even assuming Plaintiff properly authenticated the evidence, the online materials do not compel the conclusion that Magistrate Judge Flynn incorrectly found Sims Crane not to be a competitor of Plaintiff.

In a brief project summary, Sims Crane's website explains that "Sims Crane and Sims HD team up" for moving a transformer. (Doc. 31–1 at 1). Another brief project summary on Sims Crane's website announces that Sims HD and Sims Crane crews "team up for professional end-to-end machinery moving projects across Florida with every stage carefully planned for safety." (Doc. 31–6 at 1). Both website postings also refer to the entities as "Team Sims." (Docs. 31–1 at 2; 31–

---

[3] Plaintiff offers a declaration of its counsel, which simply describes each attached exhibit as a "printout" of the respective hyperlink. (Doc. 31). The Objection asserts these exhibits are "authenticated in the accompanying Declaration." (Doc. 30 at 4 n.1).

6 at 1). Likewise, a tweet-style update from Sims Crane's LinkedIn account states that Sims Crane and Sims HD "work together to transport, lift[,] and position a cold box module." (Doc. 31–2 at 1). Plaintiff argues these online postings demonstrate that Sims Crane is a competitor. (Doc. 30 at 4–5). Nothing in these online postings convincingly demonstrates that Sims Crane is the entity engaged in the specialized rigging and machinery moving. Instead, the language merely demonstrates that Sims Crane and Sims HD are separate entities supplying their services for a project. Indeed, one of the website postings explicitly advises readers to contact Sims HD for their "next heavy haul or machinery moving project." (Doc. 31–1 at 2). Another posting advises that "Sims Crane offers safe[,] reliable crane rental services" in Florida, while customers may "[d]iscover full service machinery moving" by visiting Sims HD's website. (Doc. 31–6 at 1).

Plaintiff's remaining arguments are also unavailing. Although an introductory paragraph discussing the history of Sims Crane on the company's website advocates that Sims Crane has led "the crane and rigging industry" for sixty years, the website proceeds to distinguish between the services offered by Sims Crane and Sims HD. (Doc. 31–3 at 1). For example, the "Specialized Rigging & Machinery Moving" section of the website focuses entirely on Sims HD, explaining "Sims HD Moving Solutions offers specialized rigging and machinery moving services for most industrial applications," and providing a hyperlink for readers to learn more about Sims HD. *Id.* at 3. Plaintiff also points to Alan Fisk's declaration, which states that Sims Crane hired Jenkins, in part, to "provide logistical support for the crane rental and hauling services, such as local permitting, routing determinations, and transportation support where necessary," to emphasize that Sims Crane hired Jenkins to provide logical support for both crane rental and hauling services. (Doc. 22–2 ¶8). The parties discussed this statement at the hearing, and Magistrate Judge Flynn's recommended relief addresses any concern this statement raises, as the R&R enjoins Jenkins from

assisting Sims HD in moving, transporting, or lifting oversized equipment and components, including providing logistical support, through April 17, 2021; provided, however, Jenkins may still bid or quote Sims Crane's rental equipment to Sims HD or its customers or provide logistical support for hauling Sims Crane's rental cranes or equipment. (Doc. 29 at 11).

Plaintiff's arguments thus do not establish that Sims Crane and Plaintiff are competitors. Therefore, Magistrate Judge Flynn correctly concluded that Sims Crane and Plaintiff are not competitors and accordingly declined to preliminarily enjoin Jenkins from working for Sims Crane.

### B. Sims Crane and Sims HD Are Separate Entities

Plaintiff also objects to Magistrate Judge Flynn's distinctions between Sims Crane and Sims HD, arguing that such distinctions are unwarranted and "not based on any record evidence." (Doc. 30 at 2). Plaintiff asserts that "Sims Crane is integrally involved in and intertwined with Sims HD." *Id.* To demonstrate this alleged integral involvement and intertwining, Plaintiff first highlights that Sims Crane formed Sims HD, Dean Sims is the sole member of Sims HD, Alan Fisk serves as the chief executive officer of both Sims Crane and Sims HD, and the companies have the same business address. *Id.* at 6. Plaintiff fails to demonstrate that these facts constitute sufficient integral involvement or intertwining for the purpose of considering the companies as one entity. Indeed, in light of the extensive analysis in the R&R and this Order detailing the distinctions between Sims Crane and Sims HD, the Court finds these facts unpersuasive for such a proposition.

Plaintiff also cites the LinkedIn profile of J.R. Nutting to establish that Sims Crane and Sims HD should be considered the same entity because Mr. Nutting identifies himself "as an employee of Sims Crane and identifies Sims HD as a division of Sims Crane." (Doc. 30 at 6)

9

(citing Doc. 31–5). Mr. Nutting's profile lists his title as "Senior HD Division Manager" at Sims Crane, (Doc. 31–5 at 1), which is consistent with Alan Fisk's sworn testimony that Sims HD and Sims Crane are affiliated, yet separate, companies and Mr. Nutting is a Sims HD employee, (Doc. 22–2 ¶¶ 2, 8). Even when viewed in conjunction with Plaintiff's other arguments, this LinkedIn profile does not offer a legitimate justification for treating Sims Crane and Sims HD as one business. The titles and descriptions on a Sims HD employee's LinkedIn profile do not reliably indicate that Sims Crane and Sims HD should be treated as the same company, and the above-discussed distinctions between Sims Crane and Sims HD, including those distinctions presented in the sworn testimony of Jenkins and Alan Fisk, persuasively demonstrate that the companies should be treated as separate entities.

Finally, Plaintiff argues that courts applying Kentucky law are "dubious of the sorts of distinctions that Defendants attempt to draw here." (Doc. 30 at 7). Plaintiff cites one case, *Creative Educational Concepts, Inc. v. Hadzic*, No. 5:17–167–KKC, 2017 WL 2573717, at *3 (E.D. Ky. June 14, 2017), in support of this argument. (Doc. 30 at 7). In *Creative Educational Concepts*, the plaintiff sought a preliminary injunction to enforce a restrictive covenants agreement against the defendant-former employee, which generally prohibited the defendant from performing or rendering services to or for any person or entity engaged in business which provided products, services, or any business activity that was competitive to the plaintiff within the United States. *Id.* at *1–2. The defendant had accepted employment with PER Global, LLC, which was affiliated with a company called PER that provided certain medical programming in the United States and constituted a direct competitor of the plaintiff. *Id.* at *2. The defendant argued his new employment with PER Global did not violate the restrictive covenants agreement with the plaintiff because PER

Global provided programming in markets outside the United States and he was focused on work outside the United States. *Id.*

The court rejected this argument, however, finding that PER Global did not operate exclusively in markets outside of the United States, as the company had placed live content from its European programs online and solicited grants from pharmaceutical companies in the United States for such online content. *Id.* Practitioners could receive American Medical Association credits for completing the online content, and the content was accessible from all across the world, including the United States. *Id.* Significantly, the court explained the defendant's articulated separation between PER and PER Global "appear[ed] to be more of a guise" because the companies shared an office and certain personnel and PER's website advertised PER Global's upcoming conferences. *Id.* at *3. Based on all of the evidence, the court held that the plaintiff was likely to succeed in demonstrating that PER Global was competitive with the plaintiff within the United States. *Id.*

Implying that the Court should treat Sims Crane and Sims HD as the same company, Plaintiff asserts that, like PER and PER Global in *Creative Educational Concepts*, Sims HD and Sims Crane share the same business address, share personnel, and Sims Crane touts Sims HD on its website. (Doc. 30 at 7). Plaintiff's argument ignores significant facts in *Creative Educational Concepts*. There, both PER and PER Global provided continuing medical education programming—PER provided the programming in the United States, whereas PER Global provided the programming in Europe and online programming across the world. *Creative Educational Concepts*, 2017 WL 2573717, at *1. PER competed with the plaintiff, and PER Global's provision of the online services in the United States led the court to recognize it as a competitor of the plaintiff. *Id.* Here, however, Sims Crane and Sims HD provide entirely different

11

services from one another—Sims Crane rents cranes and heavy equipment, whereas Sims HD provides specialized rigging and machinery moving. Indeed, the R&R and this Order extensively analyze the distinctions between Sims Crane and Sims HD. These distinctions demonstrate that, although Sims HD competes with Plaintiff, Sims Crane is not a competitor. Thus, unlike *Creative Educational Concepts*, in which the court deemed the company the defendant worked for as a competitor of the plaintiff, Sims Crane is not a competitor of Plaintiff.

The separation between Sims Crane and Sims HD thus does not "appear[] to be more of a guise." *Id.* Given the significant factual distinctions between this instant case and *Creative Educational Concepts*, the Court declines to recognize Sims Crane and Sims HD as one entity merely because the entities share a business address and some personnel and Sims Crane mentions Sims HD on its website. Accordingly, Magistrate Judge Flynn correctly concluded that Sims Crane and Sims HD are separate entities.

## IV. Conclusion

Magistrate Judge Flynn correctly concluded that Sims Crane and Plaintiff are not competitors and declined to preliminarily enjoin Jenkins from working for Sims Crane. Magistrate Judge Flynn also correctly concluded that Sims Crane and Sims HD are separate entities. As such, the Court will overrule Plaintiff's Objection, adopt the R&R, and grant-in-part the Motion.

Accordingly, it is now **ORDERED**:

1. The Report and Recommendation of Magistrate Judge Flynn, (Doc. 29), is **ADOPTED**, **CONFIRMED**, and **APPROVED** in all respects and is made a part of this Order for all purposes, including appellate review.

2. Plaintiff Edwards Moving & Rigging, Inc.'s Objections to the Report & Recommendation, (Doc. 30), are **OVERRULED**.

3. Plaintiff Edwards Moving & Rigging, Inc.'s Motion for Preliminary Injunction, (Doc. 7), is **GRANTED-IN-PART** as follows:

    a. Defendant Casey Jenkins is **ENJOINED** from working for Defendant Sims HD, LLC through and including April 17, 2021.

    b. Defendant Sims HD, LLC is **ENJOINED** from employing Defendant Casey Jenkins through and including April 17, 2021.

    c. Defendant Casey Jenkins is **ENJOINED** from assisting Defendant Sims HD, LLC in the business of transporting, moving, and lifting oversized components and equipment, including the bidding or quoting process or providing logistical support, through and including April 17, 2021. This does not, however, prohibit Defendant Casey Jenkins from bidding or quoting Defendant Sims Crane & Equipment Co.'s rental equipment to Defendant Sims HD, LLC or its customers or providing logistical support for hauling Defendant Sims Crane & Equipment Co.'s rental cranes or equipment.

4. Magistrate Judge Flynn is directed to hold a bond hearing regarding the preliminary injunction as necessary.

**DONE AND ORDERED** in Tampa, Florida on July 31, 2019.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any